IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PREN NOTHNAGEL,

      Petitioner,

  v.

CLIFF ALLENBY, Acting Director,
California Department of Mental
Health,

      Respondent.
_____/

No. C 11-03753 CW (PR)

ORDER GRANTING MOTION TO
DISMISS

(Docket nos. 7, 10)

Petitioner is involuntarily committed to Coalinga State
Hospital as a sexually violent predator (SVP).  In the present
petition for a writ of habeas corpus, filed pursuant to 28 U.S.C.
§ 2254, he alleges his continued indeterminate confinement as an
SVP is unlawful because of federal constitutional violations at his
commitment proceeding.  Respondent moves to dismiss the petition on
abstention grounds.  Petitioner opposes the motion and asks the
Court to rule on the merits of the petition.  For the reasons
discussed below, the motion to dismiss is granted and Petitioner's
request to rule on the merits of the petition is denied.

BACKGROUND

On March 11, 2009, a Humboldt County jury found true a
petition alleging that Petitioner is a SVP under the Sexually
Violent Predators Act (SVPA), California Welfare and Institutions
Code section 6600 et seq.  The superior court ordered Petitioner
committed to the custody of the California Department of Mental
Health for an indeterminate term.  Resp't Ex. A.

On direct appeal, Petitioner raised the claim, among others,
that the indeterminate term violates his federal constitutional

**United States District Court**
For the Northern District of California

right to equal protection.  See <u>People v. Nothnagel</u>, 2010 WL 3065250, *1 (Cal. App. First Dist.).

On August 6, 2010, the California Court of Appeal, relying on the California Supreme Court's decision in <u>People v. McKee</u>, 47 Cal. 4th 1172 (2010), denied Petitioner's other claims, but reversed the judgment and remanded the case to the trial court for reconsideration of the equal protection claim.  <u>Nothnagel</u>, 2010 WL 3065250 at *1-2.

On October 20, 2010, the California Supreme Court denied Petitioner's petition for review, without citation or comment. Resp't Ex. B.

Petitioner then sought state habeas corpus relief from the California Supreme Court on numerous grounds, but did not raise the equal protection claim.  Pet. Ex. 2.   The court denied the petition summarily on July 20, 2011, with citations to <u>People v. Duvall</u>, 9 Cal. 4th 464, 474 (1995), <u>In re Waltreus</u>, 62 Cal. 2d 218, 225 (1965), and <u>In re Lindley</u>, 29 Cal. 2d 709, 723 (1947).  Pet. Ex. 1.

Petitioner filed the present petition on July 29, 2011.

DISCUSSION

Petitioner raises twenty-seven claims for relief, all of which were presented to the California Supreme Court in his state habeas petition.  Claiming the violation of his federal constitutional rights, he seeks release or a new civil commitment trial. Respondent moves to dismiss the petition on abstention grounds, based on the California Court of Appeal's remand of Petitioner's case to the trial court for reconsideration under <u>People v. McKee</u>.
//

2

A.   The <u>McKee</u> Opinion

In <u>McKee</u>, the California Supreme Court addressed federal constitutional due process, ex post facto, double jeopardy and equal protection challenges to Proposition 83, which modified the terms under which SVPs can be released from civil commitment under the SVPA.  Proposition 83 changed the length of commitment from a two-year term -- renewable only if the State proved to a jury beyond a reasonable doubt that the individual still met the definition of an SVP -- to an indefinite commitment from which the individual can be released only if he proves by a preponderance of the evidence that he no longer is an SVP.  <u>McKee</u>, 47 Cal. 4th at 1183.

The court in <u>McKee</u> found that the petitioner's due process, ex post facto and double jeopardy challenges to Proposition 83 were without merit.  <u>Id.</u> at 1188-1196.  With respect to the equal protection challenge, however, the court concluded that "the government has not yet shown that the special treatment of SVP's is validly based on the degree of danger reasonably perceived as to that group, nor whether it arises from any medical or scientific evidence."  <u>Id.</u> at 1210.  Accordingly, the court remanded the case to the trial court for "the government [to] have an opportunity to justify Proposition 83's indefinite commitment provisions, at least as applied to McKee, and demonstrate that they are based on a reasonable perception of the unique dangers that SVP's pose rather than a special stigma that SVP's may bear in the eyes of California's electorate."  <u>Id.</u>

In the present case, the Court of Appeal, relying on <u>McKee</u>, similarly found Petitioner's due process, ex post facto and double

**United States District Court**
For the Northern District of California

jeopardy challenges to his continued confinement under Proposition 83 to be meritless.   The court ruled on his equal protection claim as follows:

> The Supreme Court recently issued dispositional orders in those cases pending review in light of McKee. The Court directed that "[i]n order to avoid an unnecessary multiplicity of proceedings," the courts are to suspend further proceedings pending finality of the proceedings in McKee.  We shall, therefore direct the trial court to suspend proceedings in the matter pending the finality of McKee.
>                                * * *
> The judgment is reversed and the case is remanded to the trial court for reconsideration of defendant's equal protection claim in light of McKee.  The trial court is also directed to suspend further proceedings pending finality of the proceedings in McKee, including any proceeding in the Superior Court of San Diego County in which McKee may be consolidated with related matters. "Finality of the proceedings" shall include the finality of any subsequent appeal and any proceedings in the California Supreme Court.  In all other respects, the judgment is affirmed.

Nothnagel, 2010 WL 3065250 at *1-2.

B.   Motion to Dismiss

Respondent moves to dismiss the petition on abstention grounds, under Younger v. Harris, 401 U.S. 37 (1971).  Petitioner opposes, arguing that he is not raising an equal protection claim in the present petition, and, consequently, he should not have to wait until the California courts rule on that claim before he can raise in federal court the other exhausted challenges to his civil commitment.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  Id. at 43-54.  The rationale of Younger applies to non-criminal proceedings when important state interests are involved.  See Middlesex County Ethics Comm. v. Garden State Bar

4

**United States District Court**
For the Northern District of California

_Ass'n_, 457 U.S. 423, 432 (1982); _SJSVCCPAC v. City of San Jose_, 546 F.3d 1087, 1092 (9th Cir. 2008).  _Younger_ abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  _Middlesex_, 457 U.S. at 432.  A fourth requirement has been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that _Younger_ disapproves."  _SJSVCCPAC_, 546 F.3d at 1092 (citing cases).

The rationale of _Younger_ applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  See _Huffman v. Pursue, Ltd._, 420 U.S. 592, 607-11 (1975).  Moreover, a petitioner who intends to seek federal habeas corpus relief must await the outcome of his state court appeal before doing so; that appeal may result in reversal of the petitioner's conviction on some other ground, thereby mooting the claims raised in his federal habeas petition.  See _Sherwood v. Tomkins_, 716 F.2d 632, 634 (9th Cir. 1983) (citations omitted).

Based on the procedural posture of the present petition -- Petitioner has filed a fully-exhausted petition that does not include an equal protection claim -- the Court finds Respondent's abstention argument persuasive.  Specifically, the state trial court has been charged with reconsidering Petitioner's challenge to the constitutionality of his civil commitment once _McKee_ is decided; the state proceedings in _McKee_, and application of the

**United States District Court**
For the Northern District of California

1  outcome to Petitioner's case, involve the important state interest

2  of regulating the detention of SVPs; and those proceedings, as well

3  as California's habeas process, afford an opportunity for

4  Petitioner to raise his constitutional challenge.  Further,

5  adjudicating the present petition would interfere with the Court of

6  Appeal's directive to the trial court to reconsider Petitioner's

7  equal protection challenge.  Abstention is also appropriate because

8  the trial court's reconsideration of the equal protection challenge

9  could result in the reversal of the outcome of Petitioner's civil

10  commitment proceeding, thus mooting the necessity for federal

11  habeas review.

12      Accordingly, the motion to dismiss the petition on abstention

13  grounds is GRANTED, and Petitioner's request that the Court rule on

14  the merits of the petition is DENIED.  As noted by Respondent,

15  dismissal of the petition does not prevent Petitioner from filing,

16  after completion of his state court proceedings and if the state

17  court fails to provide him adequate relief, a new federal habeas

18  corpus petition containing all of his federal constitutional

19  claims.

20                          CONCLUSION

21      Respondent's motion to dismiss the petition is GRANTED.  The

22  petition is hereby DISMISSED without prejudice.

23      The Clerk of the Court shall enter judgment and close the

24  file.

25      This Order terminates Docket nos. 7 and 10.

26      IT IS SO ORDERED.

27  Dated:  6/26/2012

28                              _____
                                CLAUDIA WILKEN
                                UNITED STATES DISTRICT JUDGE